IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHADYA JARECKE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN NATIONAL<br>PROPERTY AND CASUALTY<br>COMPANY,<br><br>　　　　　Defendant. | CV 13-146-BLG-CSO<br><br>**ORDER** |

Plaintiff Shadja Jarecke ("Jarecke") brings this action against American National Property and Casualty Co. ("ANPAC") alleging two counts. Count 1 alleges a violation of Montana's Unfair Trade Practices Act ("UTPA"), §§ 33-18-201 et. seq., for failure to properly pay underinsured motorist ("UIM") coverage benefits. Count 2 alleges that ANPAC acted with malice. *See Complaint (ECF 4)[1] at 3.*

Now pending is Jarecke's Motion for Partial Summary Judgment. *ECF 7.* For the reasons explained below, the Motion will be denied.

---

[1]"ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.*

-1-

I.  **BACKGROUND**

Jarecke alleges that she was seriously injured when an underinsured motorist, Billie Jo Scheetz ("Scheetz"), unlawfully struck Jarecke's vehicle as Jarecke was making a lefthand turn in an intersection in Billings, Montana. ANPAC issued medical payments to Jarecke of $6,000 but, according to the Complaint, refused to pay underinsured motorist coverage limits. *ECF 4 at 2*. In its answer, ANPAC admits that the accident occurred and that Jarecke had a policy that included UIM coverage, but denies that it violated the UTPA and denies that it acted with malice.

At issue here is ANPAC's second affirmative defense, which alleges: "Plaintiff is subject to all defenses that Billie Jo Scheetz could have asserted had Plaintiff sued Ms. Scheetz, including contributory negligence and failure to mitigate damages." *ECF 5 at 4, ¶ 2*.

II. **PARTIES' ARGUMENTS**

Jarecke moves for partial summary judgment on liability for the auto accident. *ECF 7*. In her supporting brief, Jarecke argues that because Sheetz pled guilty to careless driving, Montana law prohibits ANPAC from contending that Jarecke is at fault. *ECF 8 at 4*. Jarecke

also relies on a witness statement that Sheetz was traveling at a high rate of speed, evidence regarding the damage to Jarecke's vehicle, and the investigating officer's report. Jarecke acknowledges that M.C.A. § 61-8-340 provides that a person turning left across traffic must yield to oncoming traffic, but submits that this statute expressly applies only to oncoming traffic that is within the intersection or "close enough to the intersection to constitute an immediate hazard." *Id. at 9.* Jarecke argues that she was entitled to assume that Sheetz would obey speeding laws and that the accident would not have occurred had Sheetz been traveling at a legal speed. *Id. at 10.*

ANPAC responds that Jarecke, to establish entitlement to UIM coverage, must prove that Sheetz, the other driver, was at fault for the accident and that the amount Jarecke is entitled to recover exceeds the available limits of Scheetz's policy and the amounts previously forwarded by ANPAC. *ECF 21 at 1-2.* ANPAC further argues that it is entitled to rely on any of Scheetz's defenses to liability, including that Jarecke bears some of the liability for the accident. *Id. at 2.* ANPAC concludes that this Court may not determine as a matter of law that Jarecke bears no liability for the accident, because such determination

is properly a jury function. *Id. at 2, 13.*

## III. <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 56(a) provides for summary judgment "when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." One primary purpose of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Rule 56(a) also allows a court to grant summary adjudication on part of a claim or defense.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id*.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586, n.11. In ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255.

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F .2d 626, 631 (9th Cir. 1987). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether

there is a genuine need for trial." *Matsushita*, 475 U.S. at 587 (quotation omitted).

The United States Supreme Court has recently noted that the standard for avoiding summary judgment is a "relatively lenient standard." *Amgen v. Connecticut Retirement Plans and Trust Funds*, 133 S.Ct. 1184, 1203 (2013). This is particularly true in negligence actions where particular deference has been accorded the jury in light of its role in applying the reasonable person standard to a given fact situation. *See Wright, Miller & Kane Federal Practice and Procedure Civil 3d § 2729*.

## IV. <u>ANALYSIS</u>

Jarecke argues that "summary judgment is appropriate on the issue of liability, leaving solely the damage issues for determination by the trier of fact." *ECF 8 at 3*. But this action is not a negligence action; it is a UTPA action. Jarecke has not set forth the elements of her UTPA action or made any argument why the Court must grant summary judgment on UTPA liability. Instead, Jarecke disputes that ANPAC may contest liability "for the accident" and questions ANPAC's affirmative defense of contributory negligence. *ECF 8 at 2*. Therefore,

the Court believes that the question is more properly framed as follows: Is there any genuine issue of material fact regarding the contributory negligence of Jarecke? This focuses the analysis not exclusively on the facts indicating that Sheetz was negligent but also on the question of whether any evidence exists to support a claim that Jarecke was also negligent. If so, then that is a question a jury must resolve, not this Court.

The Court finds that fact issues preclude summary judgment on the contributory negligence defense. For example, M.C.A. § 61-8-340 provides that a driver intending to turn left must yield to any vehicle approaching from the opposite direction that is "close enough to the intersection to constitute an immediate hazard." Whether Sheetz was close enough to constitute an immediate hazard is a question of fact. Witnesses to the accident, such as Calvin Phillips *(ECF 8-1 at 3)*, apparently saw the Sheetz vehicle moving very fast. It is a question of fact whether Jarecke did see or also could have seen the vehicle approaching quickly had she been keeping a proper lookout.

Jarecke argues that she is entitled to presume that others are obeying the law, citing the Montana Pattern Instruction No. 2.04. Even

assuming that this is a proper citation to controlling Montana authority, it is inconclusive because the instruction provides: "*In the absence of a reason to think otherwise,* it is not negligent for a person to fail to anticipate an injury which can result only from another's violation of the law or failure to use reasonable care." M.P.I. 2.04 (emphasis added). Also, it has been held that Montana's statute requiring drivers making left turns to yield to other traffic may apply even if that other traffic is itself violating the law. *Bellon v. Heinzig*, 347 F.2d 4, 6 (9th Cir. 1965) (noting "one is never excused from exercising ordinary care, and may not assume that another will obey the law when in the exercise of ordinary care it would be apparent that the other will not").

Under Montana's comparative negligence statute, contributory negligence does not bar recovery of damages for negligence resulting in injury but may diminish recovery of damages in proportion to the percentage of negligence attributable to the person recovering. M.C.A. § 27-1-702. Therefore, recognizing the strong evidence[2] that Sheetz

---

[2] ANPAC's counsel is simply wrong in representing to the Court that Sheetz' guilty plea is inadmissible. *ECF 21 at 7*. The case that is cited in support of this erroneous statement, *Hart-Anderson v. Hauck,*

was negligent does not end the inquiry. In *Hart-Anderson v. Hauck,* 781 P.2d 1116, 1118 (Mont. 1989), the Montana Supreme Court reaffirmed its prior holding that the defense of contributory negligence on plaintiff's part (here Jarecke) is available to a defendant (here, ANPAC standing in the shoes of Sheetz) who has violated a traffic statute. The Court wrote: "It is for the fact finder to determine the comparative degree of negligence on the part of plaintiff and defendant." *Id.* (quoting *Reed v. Little,* 680 P.2d 937, 940 (Mont. 1984)). Similarly, in *Tonner v. Cirian,* the Montana Supreme Court reversed a summary judgment order in a negligence action, reaffirming that even a "favored driver cannot ignore obvious dangers by blindly relying on her right-of-way ... but instead must maintain a proper lookout and use reasonable care." 291 P.3d 1182, 1186 (Mont. 2012).

On the record before the Court, it cannot be determined as a

---

781 P.2d 1116, 1119 (Mont. 1989) holds only that issuance of a criminal citation is inadmissible because it is "irrelevant and prejudicial." *Id.* That case did not address the admissibility of a guilty plea – unlike *New Hampshire Ins. Group v. Strecker*, 798 P.2d 130, 131-132 (Mont. 1990), which held that a guilty plea "may be introduced in the subsequent civil action as an admission." Counsel is reminded that effective advocacy demands thoroughness and accuracy in all representations.

matter of law that Jarecke was not contributorily negligent to any degree. For example, the Court is not qualified to examine the damage to the vehicle and draw conclusions of relative negligence. Such a determination generally requires expert testimony. *See Wheaton v. Bradford*, 300 P.3d 93, 98-99 (Mont. 2013). Although the Court is mindful of Jarecke's statement that she was so badly injured in the accident that she has no memory of it, the Court has before it little information regarding her conduct prior to the accident. Finally, the duty to weigh the facts and the credibility of witness belongs to the jury. As noted in *Tonner*, "it falls upon 'the factfinder to determine the comparative degree of negligence on the part of plaintiff and defendant.'" 291 P.3d at 1187 (quoting *Reed*, 680 P.2d at 940).

V.  **CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment on Liability for the Auto Accident *(ECF 7)* is DENIED.

DATED this 18th day of February, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge